IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **OTTO LADDER SAFETY, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:25-cv-00771-MSN |
| **PETER SPARBER,** | ) |
| Defendant. | ) |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

This cause coming to be heard on Plaintiff Otto Ladder Safety, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction, notice having been given and this Court having reviewed and considered Otto's Motion, Memorandum of Law and Declaration of Ellen Giuntini in support thereof, and having heard the arguments of counsel, THE COURT HEREBY FINDS AS FOLLOWS:

A.  This Court has personal jurisdiction over the parties and venue is proper in this Court;

B.  Otto has a strong likelihood of success on the merits of its claims for breach of contract, misappropriation of trade secrets, and tortious interference;

C.  Otto has no adequate remedy at law and will suffer irreparable injury absent a temporary restraining order;

D.  The balance of harms and the public interest favor the grant of this temporary restraining order ("TRO")

Wherefore, IT IS ORDERED that Otto's Motion is GRANTED as follows:

55533007.1

1. Defendant Peter Sparber, and all parties in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are temporarily enjoined from using or disclosing any of Otto's confidential, proprietary and/or trade secret information;

2. Sparber shall not, directly or indirectly, (a) communicate with any officer, employee, or contractor of Vendor A for any purpose for the pendency of this TRO; (b) provide information or material regarding Vendor A to any third party.

3. Sparber shall not, directly or indirectly, (a) communicate with any officer, employee, or contractor of Customer A relating to smart ladders for the pendency of this TRO; (b) provide information or material regarding Otto's smart ladders or potential business with Customer A to any third party.

4. Defendant Sparber and all parties in active concert or participation with him who receive actual notice of this Order by personal service or otherwise shall return to Otto all originals and copies of any and all electronic files, devices and/or documents that contain or relate to Otto's confidential and proprietary information, including without limitation, all computers, electronic media, PDAs and electronic storage devices;

5. Sparber shall produce for inspection and imaging all computers and other electronic storage devices and e-mail accounts belonging to, under the control of, accessible to, or operated by him that may contain Otto's confidential and proprietary information;

6. Sparber shall otherwise preserve all evidence concerning any information and materials regarding Otto's business or prospective business that he obtained or developed while engaged by Otto.

7. Otto shall post a bond in the sum of $_____ within seven (7) business days of entry of this Order.

8. A hearing shall be held on Otto's Motion for a Preliminary Injunction on _____, 2025 at _____.

9. Expedited discovery is ordered as set forth in the separate order. Plaintiff shall file any supplemental briefing following such expedited discovery on or before _____, 2025. Defendant shall file any response in opposition to Plaintiff's motion on or before _____, 2025. Plaintiff shall file any reply in support of its motion on or before _____, 2025.

10. This Order shall be effective until _____, 2025 at _____, and no longer without the further order of this Court.

This Order issued this \_\_\_ day of May, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

55533007.1